J-A25019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMIE M. BROWN | : | |
| | : | |
| Appellant | : | No. 17 WDA 2022 |

Appeal from the PCRA Order Entered December 15, 2021
In the Court of Common Pleas of Beaver County Criminal Division at
No(s): CP-04-CR-0000913-2001

BEFORE: KUNSELMAN, J., NICHOLS, J., and McCAFFERY, J.

MEMORANDUM BY NICHOLS, J.:                **FILED:  March 15, 2023**

Appellant Jamie M. Brown appeals from the order dismissing his untimely Post-Conviction Relief Act[1] (PCRA) petition without a hearing. Appellant argues that the PCRA court erred in concluding that he failed to meet the newly discovered fact and governmental interference exceptions to the PCRA time bar.  We affirm in part, vacate in part, and remand with instructions.

The underlying facts of this matter are well known to the parties.  ***See*** PCRA Ct. Order, 9/29/21, at 1-4.  Briefly, a jury convicted Appellant of third-degree murder after the 2001 shooting death of Aliquippa Police Officer James Naim.  On May 10, 2002, the trial court sentenced Appellant to an aggregate term of twenty to forty years' incarceration.  On direct appeal, this Court

---

[1] 42 Pa.C.S. §§ 9541-9546.

affirmed Appellant's judgment of sentence, and the Pennsylvania Supreme Court denied further review. *See Commonwealth v. Brown*, 991 WDA 2002 (Pa. Super. filed Feb. 23, 2004) (unpublished mem.) (*Brown I*), *appeal denied*, 863 A.2d 1142 (Pa. 2004).

Appellant filed a timely first PCRA petition on June 30, 2005. The PCRA court ultimately denied the petition on February 13, 2008. On appeal, this Court affirmed the PCRA court's ruling, and the Pennsylvania Supreme Court denied further review. *See Commonwealth v. Brown*, 908 WDA 2008 (Pa. Super. filed Dec. 31, 2008) (unpublished mem.) (*Brown II*), *appeal denied*, 983 A.2d 725 (Pa. 2009).

On July 12, 2012, Appellant filed a *pro se* petition for writ of *habeas corpus*, which the PCRA court treated as a second PCRA petition.[2] After concluding that Appellant had waived his claims, the PCRA court issued an order denying relief. On appeal, this Court agreed that the PCRA court properly construed Appellant's filing as a PCRA petition. However, this Court concluded that the petition was patently untimely and affirmed the dismissal

---

[2] We note that, prior to filing Appellant also filed a writ for *habeas corpus* in the United States District Court for the Western District of Pennsylvania in which he raised multiple claims. The magistrate's report and recommendation was ultimately adopted by the District Court and Appellant's petition was denied on March 20, 2012. *See Brown v. Mazurkiewicz, et al.*, 2012 WL 954628 (W.D. Pa. filed Mar. 20, 2012). After the United States Court of Appeals for the Third Circuit denied Appellant's application for a certificate of appealability, *see Brown v. Mazurkiewicz, et al.*, 2012 WL 13228720 (3d Cir. 2012), the Supreme Court of the United States denied Appellant's writ of *certiorari* on May 28, 2013. *See Brown v. Mazurkiewicz, et al.*, 569 U.S. 1007 (2013).

on that basis. *See Commonwealth v. Brown*, 1256 WDA 2012 (Pa. Super. filed August 9, 2013) (unpublished mem.) (*Brown III*).

Appellant filed his third PCRA petition on June 7, 2013. After the PCRA court dismissed Appellant's petition as untimely, Appellant filed a timely notice of appeal. On appeal, this Court affirmed in part, vacated in part, and remanded the matter for further proceedings. *See Commonwealth v. Brown*, 141 A.3d 491 (Pa. Super. 2016) (*Brown IV*). Specifically, this Court ordered the PCRA court to determine whether Appellant had successfully met the newly discovered fact exception to the PCRA time-bar based on an affidavit from Angela White. *Id.* at 508. On remand, Appellant sought leave to amend his petition to include additional claims outside the scope of this Court's remand order. Ultimately, the PCRA court denied relief, and this Court affirmed. *See Commonwealth v. Brown*, 1468 WDA 2018 (Pa. Super. October 2, 2019) (*Brown V*), *appeal denied*, 235 A.3d 1068 (Pa. 2020).

Appellant filed the instant counseled PCRA petition, his fourth, on June 4, 2021. Therein, Appellant argued that he was entitled to a new trial based on after-discovered evidence in the form of: (1) statements by Darnell Hines and Acey Taylor; and (2) undisclosed *Brady* evidence concerning Anthony "Ali" Dorsett's federal plea deal, during which Dorsett implicated Smith for Officer Naim's murder. Appellant also argued that the PCRA time-bar was unconstitutional as applied to him. Am. PCRA Pet.,

On September 29, 2021, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's petition. Appellant filed a response in

- 3 -

which he argued that (1) the PCRA court should address the newly discovered fact claim regarding Hines and Taylor; and (2) the PCRA court erred in concluding that Dorsett's plea deal was inadmissible. On December 15, 2021, the PCRA court issued an order dismissing Appellant's petition for the reasons set forth in its prior order. PCRA Ct. Order, 12/15/21.

Appellant filed a timely notice of appeal and the PCRA court issued a Pa.R.A.P. 1925(a) opinion incorporating its September 29, 2021 order. The PCRA court did not order Appellant to file a Rule 1925(b) statement.

On appeal, Appellant raises the following issues for review:

1. Whether the PCRA court erred in applying the law of the case doctrine to the Darnell Hines and Acey Taylor newly discovered facts and after-discovered evidence claims where this Court declined to address those issues previously?

2. Whether the PCRA court erred in finding [Appellant's] Hines and Taylor recantation claims untimely without a hearing where he adequately pleaded the newly discovered fact exception to the time-bar?

3. Whether the PCRA court erred in denying [Appellant's] petition without an evidentiary hearing where [Appellant] is entitled to a new trial based on after-discovered evidence in the form of Darnell Hines' recantation, wherein the government improperly coerced Hines and [Appellant's] due process right to a fair trial was denied?

4. Whether the PCRA court erred in dismissing [Appellant's] petition without a hearing where [Appellant] alleged after-discovered evidence in the form of a recantation of his statement to police from Acey Taylor, [Appellant's] co-defendant, where Taylor was improperly coerced by the government and [Appellant's] due process right to a fair trial was denied?

5. Whether the PCRA court erred in dismissing [Appellant's] petition, without an evidentiary hearing, where [Appellant]

- 4 -

adequately pleaded a **Brady** newly discovered fact exception and **Brady** after-discovered evidence claim based on discovery of Anthony "Ali" Dorsett's federal plea deal statement implicating Tusweet Smith as the person who killed Officer Naim, and [Appellant] is actually innocent?

6. Whether the time-bar is unconstitutional as applied, in violation of [Appellant's] state and federal due process rights (and Article 1, Section 13 and the Eighth Amendment) where [Appellant] is factually innocent, governmental misconduct precluded [Appellant] from learning, during his previous PCRA proceedings, of the **Brady** after-discovered evidence, and law enforcement coerced Hines and Taylor to implicate Brown?

Appellant's Brief at 5-6 (some formatting altered).

**Statements by Hines and Taylor**

In his first four claims, Appellant argues that the PCRA court erred in dismissing his PCRA petition as untimely. In support, Appellant asserts that he met the newly discovered fact and governmental interference exceptions to the PCRA time bar based on statements from two trial witnesses, Taylor and Hines, who both contacted Appellant and recanted their prior statements in 2016. **Id.** at 20. Appellant asserts that although he properly pled and proved the exception for newly discovered facts and governmental interference, the PCRA court erroneously concluded that it was bound by "the law of the case doctrine" and declined to rule on either claim. **Id.** at 28. Therefore, Appellant requests that we reverse the PCRA court's order and remand for further proceedings. **Id.**

The Commonwealth responds that remand is appropriate for the PCRA court to consider whether Appellant established the newly discovered fact

exception to the PCRA time bar with respect to the claims related to the Hines and Taylor affidavits. Commonwealth's Brief at 24.

In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The timeliness of a PCRA petition is a threshold jurisdictional question. *See Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014); *see also Commonwealth v. Ballance*, 203 A.3d 1027, 1031 (Pa. Super. 2019) (stating that "no court has jurisdiction to hear an untimely PCRA petition"). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." *Commonwealth v. Jones*, 54 A.3d 14, 16 (Pa. 2012) (citation and footnote omitted). A judgment of sentence becomes final at the conclusion of direct review, or at the expiration of time for seeking such review. *See id.* at 17.

Courts may consider a PCRA petition filed more than one year after a judgment of sentence becomes final if the petitioner pleads and proves one of the following three statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). A petitioner asserting one of these exceptions must file a petition within one year of the date the claim could have first been presented. **See** 42 Pa.C.S. § 9545(b)(2).[3] It is the petitioner's "burden to allege and prove that one of the timeliness exceptions applies." ***Commonwealth v. Albrecht***, 994 A.2d 1091, 1094 (Pa. 2010) (citations omitted and some formatting altered).

To establish the newly discovered fact exception to the PCRA time bar, a petitioner must demonstrate that he did not know the facts upon which he

---

[3] On October 24, 2018, the General Assembly amended Section 9545(b)(2) and extended the time for filing a petition from sixty days to one year from the date the claim could have been presented. **See** 2018 Pa.Legis.Serv.Act 2018-146 (S.B. 915), effective December 24, 2018. The amendment applies only to claims arising one year before the effective date of this section, December 24, 2017, or thereafter.

- 7 -

based his petition and could not have learned those facts earlier by the exercise of due diligence. *Commonwealth v. G. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations omitted). Due diligence requires that the petitioner take reasonable steps to protect his own interests. *Id.* A petitioner must explain why he could not have learned these "new facts" earlier with the exercise of due diligence. *Id.* The focus of this exception is on newly discovered facts, not on newly discovered or newly willing sources that merely corroborate known facts or previously raised claims. *Id.*; *see also Commonwealth v. Maxwell*, 232 A.3d 739, 745 (Pa. Super. 2020). Further, the newly discovered fact exception at Section 9545(b)(1)(ii) does not require any merits analysis of the underlying after-discovered-evidence claim. *Commonwealth v. Small*, 238 A.3d 1267, 1286 (citation omitted).

Here, the record reflects that Appellant raised his newly-discovered fact claim regarding Taylor and Hines in a *pro se* motion after his third PCRA petition was remanded for further proceedings in 2016. On July 26, 2016, then-President Judge John McBride issued an order ruling on Appellant's *pro se* filing, which stated:

> To be clear, the remand of this case by the Superior Court of Pennsylvania to this court relates ONLY to the convening of an evidentiary hearing to determine if [Appellant] has pled and proven the applicability of the newly discovered fact exception as set forth at 42 Pa. C.S. § 9545 (b)(2) and as related to the matters contained in an affidavit of Angela White dated April 17, 2013. Counsel has been appointed for [Appellant] for purposes of that remand only.
>
> At this time, this court specifically orders and directs that [Appellant's] motion for leave to further amend his PCRA petition,

- 8 -

as apparently filed on May 23, 2016, is [d]enied. All matters raised in that motion are waived, are untimely[,] **see** 42 Pa. C.S. § 9545 (b)(1), do not fall within any exception as set forth at 42 Pa.C.S. § 9545 (b)(2), and are, therefore, ordered stricken from this record.

PCRA Ct. Order, 7/26/16, at 1-2 (some formatting altered).

Appellant subsequently obtained new counsel, who filed an amended PCRA petition in 2017. The amended petition included the newly discovered fact claims concerning Taylor and Hines. However, on appeal, this Court concluded that the Taylor and Hines claims were beyond the scope of the Court's remand order, and explained:

> [Appellant] argues that the PCRA court erred in not considering newly discovered facts in the form of affidavits from his co-defendant Acey Taylor and former Commonwealth witness Darnell Hines.
>
> [Appellant] raised these claims for the first time in his post-remand April 28, 2017 amended PCRA petition. As stated above, following a limited remand, an appellant cannot raise new claims exceeding the scope of the remand. Here, as discussed above, the remand was limited to the White affidavit and the wiretaps. Taylor and Hines' recantation affidavits are completely unrelated to White or to the wiretaps. . . . The PCRA court was without jurisdiction to consider [Appellant's] new and unrelated claims of newly discovered evidence. Thus, his sixth claim fails.

**Brown V**, 1468 WDA 2018 at *11.

Appellant then raised the Taylor and Hines claims in his instant petition, which the PCRA court addressed as follows:

> Pursuant to the Law of the Case Doctrine, "a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter." **Commonwealth v. McCandless**, 880 A.2d 1262, 1267 (Pa. Super. 2005).

- 9 -

> In accordance with the Law of the Case Doctrine, this court holds that the newly-discovered fact claims regarding Mr. Taylor and Mr. Hines were denied and determined to be waived, untimely, and not falling within any exception on July 26, 2016, and this court will not disturb this ruling.

PCRA Ct. Order, 9/29/21, at 6.

Based on our review of the record, we agree with Appellant and the Commonwealth that the PCRA court erred in declining to review Appellant's newly discovered fact claims concerning Taylor and Hines. Although the prior PCRA court rejected the claim in 2016, that ruling was based on a *pro se* motion that Appellant filed while he was represented by counsel for his third PCRA petition. Because Appellant's *pro se* filing should have been treated as a legal nullity, the prior PCRA court did not have jurisdiction to issue a ruling. **See Commonwealth v. Staton**, 184 A.3d 949, 958 (Pa. 2018) (reiterating that the filing of *pro se* pleadings while represented by counsel is considered "hybrid" representation and is prohibited within the Commonwealth); **Commonwealth v. Ali**, 10 A.3d 282, 293 (Pa. 2010) (stating that a *pro se* filing by a counseled defendant is "a legal nullity"). Therefore, the instant PCRA court was not bound by the prior PCRA court's order.

Additionally, as noted by this Court in **Brown V**, the scope of the remand order for Appellant's third PCRA petition was limited to the issue concerning the White affidavits and wiretaps. **See Brown V**, 1468 WDA 2018 at *11 (explaining that "Taylor and Hines' recantation affidavits are completely unrelated to White or to the wiretaps" and that "[t]he PCRA court was without jurisdiction to consider [Appellant's] new and unrelated claims of newly

- 10 -

discovered evidence"). Therefore, Appellant could not raise his claim regarding Taylor and Hines until his prior PCRA appeal was resolved. **See Commonwealth v. Tyler**, 234 A.3d 750, 752 (Pa. Super. 2020) (stating that "Pennsylvania law makes clear that 'when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition'") (citation omitted). Accordingly, because Appellant properly raised the issue in his instant PCRA petition, we agree with the parties that remand is necessary for the PCRA court to consider whether Appellant met the newly-discovered fact exception to the PCRA time-bar.[4]

## Dorsett Statement

Appellant also argues that he met the newly discovered fact and governmental interference timeliness exceptions based on statements that Dorsett made during an unrelated federal plea proceeding in which Dorsett agreed to provide information to federal investigators. Appellant's Brief at 29. Appellant asserts that "[a]s part of the plea deal requiring Dorsett to provide truthful information concerning homicides in the Aliquippa region, Dorsett informed federal and state authorities that Tusweet Smith confessed to him to killing Officer Naim." **Id.** Appellant alleges that he discovered Dorsett's

---

[4] In light of our disposition on this issue, we do not address Appellant's substantive after-discovered evidence claim regarding Taylor and Hines. **See Small**, 238 A.3d at 1286 (reiterating that the newly discovered fact exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim) (citation omitted).

statement through SCI-Forest inmate Travon Dawkins, who had received Dorsett's statement during discovery in a separate case. *Id.* at 12. Appellant claims that after he discovered the information, he alerted PCRA counsel, who met with Dawkins and ultimately obtained a copy of the discovery file, including Dorsett's plea deal, on November 2, 2018. *Id.*

Appellant argues that the Commonwealth violated *Brady* by failing to disclose the information contained in Dorsett's plea deal. In support, he argues that "Beaver County detective Anthony McClure, who testified at [Appellant's] trial, former Pennsylvania State Trooper Michael Warfield, and the Beaver County District Attorney's Officer **all** were aware of Dorsett's exculpatory statement that Tusweet Smith confessed to killing Officer Naim."[5] *Id.* at 30 (emphasis in original). However, Appellant notes that "[d]espite that fact, that information was **never** provided to [Appellant] during his prior PCRA proceedings--even after [Appellant] requested discovery that would have revealed such information." *Id.* (emphasis in original). Therefore, Appellant concludes that Dorsett's statement is *Brady* evidence which meets

_____

[5] We note that while this appeal was pending, Appellant filed an application for relief in which he requested that this Court unseal wiretap records pertaining to statements by Tusweet Smith's brother, Peris Smith. *See* Application for Relief, 3/14/22, at 1-2. Appellant claimed that the wiretap evidence was relevant to his claim that Dorsett informed the police that Tusweet Smith had confessed to killing the victim, Officer Naim. *Id.* Because we conclude that Appellant has failed to establish an exception to the PCRA time-bar with respect to this claim, we likewise deny Appellant's application for relief.

both the newly discovered fact and government interference exceptions to the PCRA time bar.

The Commonwealth responds that Appellant has "produced no evidence to demonstrate when Dawkins informed him of this information about Dorsett." Commonwealth's Brief at 29. The Commonwealth further explains that while it "has no reason to doubt that counsel was in communication with Dawkins, it was still incumbent upon [Appellant] as the petitioner to plead and prove the applicability of the newly[]discovered facts exception [and] provide the PCRA court with all of the necessary information to evaluate whether the exception applied." *Id.*

The Commonwealth also contends that Dorsett's statement is not a new "fact" for purposes of either timeliness exception. *Id.* at 30. In support, the Commonwealth argues that Dorsett's statement is an unreliable hearsay statement, as Dorsett was not in Pennsylvania when the murder occurred and has no first-hand knowledge of the crime. *Id.* Additionally, the Commonwealth contends that "[j]ust because another individual advised that Tusweet Smith claimed to be the murderer was not a 'fact' to which a governmental official thwarted access." *Id.* at 32. Therefore, the Commonwealth concludes that Dorsett's statement is insufficient to establish an exception to the PCRA time bar.

It is well settled that a *Brady* claim may fall within the governmental interference and newly discovered fact exceptions to the PCRA time bar. *Commonwealth v. Natividad*, 200 A.3d 11, 28 (Pa. 2019). To raise a *Brady*

- 13 -

claim in the context of Section 9545(b)(1)(i)'s "governmental interference exception, the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (citations omitted).

With respect to the newly-discovered fact exception at Section 9545(b)(1)(ii), the petitioner must establish that "the facts upon which the *Brady* claim is predicated were not previously known to the petitioner and could not have been ascertained through due diligence." *Id.* However, the Section 9545(b)(1)(ii) newly discovered fact exception does not have the same requirements as a *Brady* claim, as it "does not require any merits analysis of the underlying claim. Rather, the exception merely requires that the 'facts' upon which such a claim is predicated must not have been known to appellant, nor could they have been ascertained by due diligence." *Id.*

Here, Appellant states that he encountered Dawkins and learned about Dorsett's plea at some point before PCRA counsel met with Dawkins and obtained the discovery file on November 2, 2018. However, Appellant has failed to plead or prove any facts concerning the date when Appellant first discovered this information.[6] Therefore, Appellant cannot establish an

_____

[6] In the concurring and dissenting statement, our colleague notes that "[a]dmittedly, [Appellant] does not provide a precise date when Dawkins told
*(Footnote Continued Next Page)*

exception to the PCRA time bar based on the information contained in Dorsett's plea. **See Albrecht**, 994 A.2d at 1094 (stating that "[a]s appellant does not explain when he first learned of the facts underlying his PCRA claims, he has failed to meet his burden of showing he brought his claim within [the time period required by § 9545(b)(2)]"). Accordingly, he is not entitled to relief on this issue.

## Constitutionality of the PCRA Time Bar

In his final claim, Appellant argues that the PCRA time bar is unconstitutional as applied to him. Appellant's Brief at 57. Specifically, he claims that applying the PCRA "time-bar as jurisdictional in this matter violates [Appellant's] state and federal due process rights and Article 1, Section 13 and the Eighth Amendment" because Appellant is actually innocent. **Id.** at

---

him about Dorsett's plea deal." **See** Concurring and Dissenting Statement at 2. Indeed, Appellant's PCRA petition stated that Appellant filed a notice of appeal on October 15, 2018, and that "[d]uring the ongoing appeal, on November 2, 2018, [PCRA counsel] acquired additional newly-discovered facts/evidence." **See** PCRA Pet., 6/4/21, at ¶ 114. On this record, we recognize that there is a possibility that Appellant "learned this information between the time he appealed the denial of third petition and November 2, 2018, when PCRA counsel obtained the discovery which included Dorsett's plea deal." **See** Concurring and Dissenting Statement at 2. However, it is well settled that a PCRA petitioner bears the burden of pleading and proving the applicability of an exception to the PCRA time bar. **See generally Commonwealth v. Spotz**, 171 A.3d 675, 678 (Pa. 2017). Further, our Supreme Court has stated that where a petitioner "does not explain when he first learned of the facts underlying his PCRA claims, he has failed to meet his burden of showing he brought his claim within [one year] of when the petition could have been presented." **Commonwealth v. Albrecht**, 994 A.2d 1091, 1094 (Pa. 2010). Therefore, because Appellant has failed to meet his burden, we conclude that Appellant is due no relief on this claim.

61. In support, argues that he "discovered not only material **Brady** evidence but also learned of exculpatory recantation evidence—and has maintained his innocence." **Id.** at 60. Appellant asserts that "[m]yriad jurisdictions have recognized that incarceration of a person actually innocent violates their state due process provisions." **Id.** at 60. Therefore, Appellant concludes that this Court should reverse the PCRA court's ruling and remand the matter for further proceedings. **Id.**

The Commonwealth responds that Appellant "fails to show how the PCRA timeliness requirements were fundamentally unfair as applied to him." Commonwealth's Brief at 33. The Commonwealth further contends that "[w]ith the exception of the Hines and Taylor statement-related claims that require a remand for a determination of the applicability of an exception to the time-bar, [Appellant] cannot establish how his attempt to present a purported **Brady** claim was somehow unconstitutionally prohibited by the PCRA's statutory requirements." **Id.** at 33-34. Further, to the extent Appellant claims that "any application of the time-bar is a violation of due process," the Commonwealth argues that "there is no support in the law for [Appellant's] position" and he is not entitled to relief. **Id.** at 34.

Our Supreme Court has explained:

We have repeatedly found the PCRA's time restrictions constitutional. **See Commonwealth v. Cruz**, 852 A.2d 287, 292 ([Pa.] 2004) ("this Court has held that the PCRA's time restriction is constitutionally valid."); **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) ("We have . . . recognized that the PCRA's time restriction is constitutionally valid"). We have held, however, that just because the PCRA is generally constitutional

does not mean it is constitutional as applied to a particular petitioner. *See* [*Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007)]. There is no federal constitutional guarantee of post-conviction collateral relief and the procedural due process protections in such proceedings are less stringent than either a criminal trial or direct appeal. *Id.* (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). Due process requires that the PCRA process is fundamentally fair. *Id.* ([citation omitted]). "Thus, petitioners must be given the opportunity for the presentation of claims at a meaningful time and in a meaningful manner." *Id.*

*Commonwealth v. Wharton*, 263 A.3d 561, 570 (Pa. Super. 2021).

Further, this Court has held that assertions of actual innocence cannot circumvent the PCRA's timeliness requirements. *See Commonwealth v. D. Brown*, 143 A.3d 418, 420–421 (Pa. Super. 2016) (declining to construe federal *habeas corpus* case law as creating an additional exception to PCRA's timeliness requirements).

Here, Appellant has failed to demonstrate how the PCRA's time bar requirements are fundamentally unfair as applied to him. As noted previously, we agree with Appellant that remand is necessary for the PCRA court to address Appellant's timeliness claims regarding Taylor and Hines. However, with respect to Appellant's claim regarding Dorsett, the record reflects that Appellant was given an "opportunity for the presentation of [his] claims at a meaningful time and in a meaningful manner" before the PCRA court. *See Wharton*, 263 A.3d at 570; *see also Bennett*, 930 A.2d at 1274. Further, to the extent Appellant claims that the PCRA time bar is unconstitutional because he is actually innocent, he is not entitled to relief on that basis. *See D. Brown*, 143 A.3d at 420–421.

## **Conclusion**

In sum, we agree with the PCRA court that Appellant failed to establish a timeliness exception based on the evidence concerning Dorsett. Therefore, we affirm the PCRA court's ruling with respect to that issue.

However, with respect to Appellant's claims concerning Hines and Taylor, the record reflects that there is a genuine issue of material fact as to whether Appellant pled and proved the applicability of the PCRA's newly discovered fact exception or governmental interference exception. Therefore, we vacate the portions of the PCRA court's order that dispose of Appellant's claims regarding Hines and Taylor, and we remand for the PCRA court to conduct an evidentiary hearing to determine if Appellant has pled and proved a timeliness exception.

Order affirmed in part and vacated in part. Case remanded. Application for relief denied. Jurisdiction relinquished.

Judge McCaffery joins the memorandum.

Judge Kunselman files a concurring and dissenting statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/15/2023